## HOLLIS M. HAYNES *vs.* MOSES JACKSON.

### Penobscot, 1876.—August 8, 1876.

*Amendment. Words,—parcel. Judgment.*

In trespass *quare clausum* where the close is described as situated in the town of B., county of P., the writ is amendable by describing the close as situated in the town of M., an adjoining town in the same county.

Where a tract of land embraced both upland and meadow, and a deed of the whole tract reserved the meadow land on the westerly end of said tract extending to the highland on said tract, and recited that said excepted *parcel* was to be located and the boundaries fixed by appointees named, when in fact there were two meadows on the westerly end of the tract with a belt of high land between them; *held,* 1. That the reservation was of only one of the meadows and that the second one lying to the west of the belt of highland was not reserved; 2. That the appointees named had the power to locate and fix the boundary by the highland.

In a former action of trespass *quare clausum,* on the same close, in this court, in which the present plaintiff and another were plaintiffs and the present defendant and another were defendants, made law on report conditioned that if the line as agreed upon by appointees named was binding upon the parties a default was to be entered, if not, a nonsuit; the full court ordered a nonsuit. *Held,* to be no bar to this action.

ON EXCEPTIONS.

TRESPASS, *quare clausum,* from July 1, 1867, to the date of the writ, September 18, 1873 ; also a trespass September 1, 1873.

The verdict was for the plaintiff ; and the defendant alleged exceptions.

The case and the questions raised are stated in the opinion.

*A. Knowles & G. P. Sewall,* for the defendant.

*L. Barker & L. A. Barker,* for the plaintiff.

LIBBEY, J. Trespass upon the Spencer meadow, so called in Milford. The writ at first described the close to be in Bradley.

Upon the opening of the case and before the pleadings, the plaintiff was allowed to amend by striking out Bradley and inserting Milford, being an adjoining town, and both towns being in the county of Penobscot. The defendant objected to the amendment on the ground that it changed a material part of the description and gave a new cause of action. If any part of the *locus* was misdescribed, an amendment describing it correctly was clearly allowable. It introduces no new cause of action, but only corrects an error in the description of the close on which the trespass is alleged to have been committed.

The principal question in this case was whether the plaintiff or defendant was the owner of Spencer Meadow. This meadow was a part of a tract of land in said Milford, known as the Southgate tract. S. H. Blake once owned the whole tract; and each party claims under him. One Wentworth Lord had the care of the tract, and was to be interested under Blake when the land was paid for.

In 1862, Blake conveyed the whole track to one Ritchie, with an exception in the words following, "excepting and reserving the meadow land on the westerly end of said tract, extending to the highland on said tract, said excepted parcel and not hereby conveyed, containing from two to three hundred acres more or less," said boundary by the highland to be located and fixed by said Ritchie and W. Lord. The plaintiff became the owner of Ritchie's title, one undivided half in September, 1868, and the other undivided half in May, 1870.

In 1864, said Blake conveyed to the defendant and another so much of the tract as was not conveyed to Ritchie as aforesaid. The description in this deed is as follows : "The meadow land on the west end of the Southgate tract, so called, extending to the highland on said tract ; said meadow land containing two to three hundred acres more or less. The easterly part of said tract was deeded to E. C. Ritchie, 9th of June, 1862, and the intention of this deed is to release all my title and interest in the remaining portion of said tract. The boundary line between Ritchie and the present grantees to be established, if not already done, as provided in Ritchie's deed."

A question arose at the trial upon the construction of the deeds. The plaintiff contended that under the exception in Ritchie's deed, the defendant was entitled to a parcel of meadow on the immediate west end of the track known as a part of Sunkhaze meadow, so called, which he claimed was separated from Spencer meadow by a strip of highland some twenty rods wide; while the defendant contended that he was also entitled to the Spencer meadow on the west half of the tract, whether separated from Sunkhaze meadow by the strip of highland or not; and he also claimed that the strip of land claimed to be highland by plaintiff, was in fact meadow land, so that the two meadows formed one continuous parcel of meadow land. Upon this question much evidence was introduced by both sides, and it was submitted to the jury to determine as matter of fact whether the strip of land, between the two meadows, of about twenty rods in width, was or not, within the meaning of the deed, meadow land. The jury found it was not meadow land, and the verdict was for the plaintiff.

Upon the question of the construction of the deeds the presiding judge instructed the jury as follows: "A question arises upon the language of the two deeds, whether the defendant has the title to all the meadow land on the westerly end of the Southgate tract, provided there are two meadows thereon, or to only one of such meadows or one parcel, to use the phrase used in the deed. For the purposes of this trial I instruct you that the defendant's title is limited to one parcel or piece of land. 'His meadow land' must be virtually and really but one piece of territory. It may be irregular in its shape and proportions, still it cannot be made up of separate and distinct pieces, although upon the west end of the tract, but it must be in fact and reality but one parcel and not two parcels of meadow land."

It is contended on the part of defendant, that this construction of the deed is not correct; that by the true construction of the deed from Blake to Ritchie, all the meadow land on the westerly end of the tract, whether in one or more parcels, was excepted, and that the grantee took the highland only. Upon a careful examination and consideration of the language of the deed, we think the construction given by the presiding judge to the jury is

correct. The deed conveyed the above tract excepting "the meadow land on the westerly end of said tract, extending to the highland on said tract, said excepted parcel and not hereby conveyed, containing," &c. "The meadow land on the westerly end of said tract, extending to the highland on said tract," can embrace but one piece of territory. The boundary of the territory excepted is where the first piece of meadow land on the westerly end of the tract joins the highland. The first meadow land extending to the first highland on the westerly end of the tract is the part excepted. If there is any doubt about the meaning of the clause quoted, the clause following, "said excepted parcel and not hereby conveyed containing two to three hundred acres more or less," makes it clear and certain. If the grantor had intended to except more than one parcel of meadow land, he would have used more appropriate terms to accomplish that purpose.

The jury having found that the strip of land, some twenty rods in width, separating Spencer meadow from Sunkhaze meadow, is not meadow land, but highland, it follows that Sunkhaze meadow, extending to the highland between that and Spencer meadow, is the parcel excepted and owned by the defendant, and that he has no title to Spencer meadow.

By the deeds under which both parties claim, Ritchie and Lord had the power to locate and fix the boundary by the highland. The instructions of the presiding judge as to the legal effect of the action of Ritchie and Lord in locating and fixing the line were correct. *Haynes et al.* v. *Jackson et al.*, 59 Maine, 386. But the jury having found that the strip or belt of land connecting Sunkhaze and Spencer meadows was not meadow land, it follows, as we have seen, that the defendant had no title to Spencer meadow where the alleged trespass was committed ; and the line located and fixed by Ritchie and Lord became immaterial to the result of this suit, and the judgment will not establish it as the dividing line between the parties.

But the defendant contends that plaintiff is estopped from claiming title to Spencer meadow by the judgment in case *Haynes et al.* v. *Jackson et al.*, rendered at the April term of this court, 1872, reported in 59 Maine, above cited. That was an action of

trespass, and judgment was rendered on nonsuit. That judgment in no way determines the title. *Exceptions overruled.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and PETERS, JJ., concurred.